UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERRI MORRIS,

    Plaintiff,

v.                                                                          Case No.:  8:22-cv-1023-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

# OPINION AND ORDER

Plaintiff Sherri Morris seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

        **A.    Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.     Procedural History

Plaintiff filed an application for a period of disability and disability insurance on June 10, 2020, alleging disability beginning on March 27, 2020. (Tr. 56, 184-86). The application was denied initially and on reconsideration. (Tr. 56, 85). Plaintiff requested a hearing, and on September 1, 2021, a hearing was held before

Administrative Law Judge Christopher Messina ("ALJ"). (Tr. 26-48). On September 29, 2021, the ALJ entered a decision finding Plaintiff not under a disability from March 27, 2020, through the date of the decision. (Tr. 13-21).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on March 4, 2022. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on May 2, 2022, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 13).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through March 31, 2023. (Tr. 15). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 27, 2020, the alleged onset date. (Tr. 15). At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease; obesity; osteoarthritis of the left knee; and headaches." (Tr. 15). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 17).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except she can only occasionally perform foot operations on the left, can never climb ladders, ropes or scaffolds and can occasionally climb ramps and stairs. Further, she can occasionally balance, stoop, crouch, kneel and crawl.

(Tr. 17).

At step four, the ALJ determined that Plaintiff was capable of performing past relevant work as an outside deliverer and retail manager as that work was actually and generally performed in the national economy. (Tr. 21). The ALJ also found that this work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 21). The ALJ concluded that Plaintiff had not been under a disability from March 27, 2020, through the date of the decision. (Tr. 21).

## II.   Analysis

On appeal, Plaintiff raises one issue: whether the Commissioner erred in failing to adequately and fully investigate the apparent conflict between the testimony of the vocational expert and the DOT. (Doc. 17, p. 5). Plaintiff contends that the two jobs identified by the vocational expert as Plaintiff's past relevant work – retail manager and outside deliverer – were not the positions described by Plaintiff as her past relevant work and have "significantly different duties" than the jobs

- 6 -

described by Plaintiff. (Doc. 17, p. 8). Plaintiff claims her past relevant work was not a retail manager but an office manager and, the officer manager job was a composite job. (Doc. 17, p. 8). Plaintiff also claims that her past relevant work as a delivery driver had non-delivery aspects to the job, and again was a composite job. (Doc. 17, p. 9). Plaintiff asserts that the ALJ failed in his duty to develop a full and fair record. (Doc. 17, p. 5-6). Plaintiff also argues that the ALJ failed to explain the conflict between Plaintiff's statements, the vocational expert's testimony, and the DOT job descriptions. (Doc. 17, p. 8-9).

As an initial matter, Plaintiff does not dispute the ALJ's RFC finding that Plaintiff could perform light work with certain exceptions. (Tr. 17). Instead, her only argument is that the ALJ mischaracterized her past relevant work. Plaintiff argues that the ALJ should have concluded that Plaintiff worked at the composite job of office manager, not retail manager, and at the composite job of outside deliverer with additional duties and not simply as an outside deliverer. (Doc. 17, p. 8-9).

A plaintiff bears the burden of proving she is disabled and is responsible "for producing evidence in support of h[er] claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003). Even so, "[i]t is well-established that the ALJ has a basic duty to develop a full and fair record." *Id. See* 20 C.F.R. § 404.1545(a)(3), 20 C.F.R. § 416.945(a)(3) ("However, before we make a determination that you are not disabled, we are responsible for developing your complete medical history,

Case 8:22-cv-01023-DNF   Document 19   Filed 07/24/23   Page 8 of 12 PageID 598

including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help you get medical reports from your own medical sources."). To remand a case because of an ALJ's failure to fully develop the record, the claimant must show that her right to due process has been violated to such an extent that the record contains evidentiary gaps, which resulted in unfairness or clear prejudice. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1364 (11th Cir. 2018).

While an ALJ has a duty to develop the record, at step four, Plaintiff carries a heavy burden of showing that her impairments prevent her from performing her past relevant work. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). Past relevant work is defined as work that a claimant had done within the past 15 years, that was substantial gainful activity, and lasted long enough for the claimant to learn to do it. 20 C.F.R. § 404.1560(b)(1). To determine past relevant work, the ALJ will ask a claimant for information about the work she did in the past. 20 C.F.R. § 404.1560(b)(2). A claimant is the primary source for vocational documentation, and statements by a claimant regarding past work as she actually performed it are "generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work." SSR 82-62 (1982); *see also Dukes v. Saul*, No. 8:18-cv-2553-T-SPF, 2020 WL 755393, at *4 (M.D. Fla. Feb. 14, 2020) ("In determining whether a claimant can perform past relevant work as

- 8 -

actually performed, the ALJ may rely on the claimant's testimony." (citing 20 C.F.R. § 404.1560(b)(2))). An ALJ is required to consider:

> (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the Dictionary of Occupational Titles, etc., on the requirements of the work as generally performed in the economy.

SSR 82-62 (1982).

Importantly, Plaintiff has the burden of showing that her impairments prevent her from returning to her past relevant work as she actually performed it or as it is generally performed in the national economy. *See Mijenes v. Comm'r of Soc. Sec.*, 687 F. App'x 842, 846 (11th Cir. 2017) (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) ("These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work.")). Plaintiff fails to meet this burden.

Plaintiff contends that the ALJ characterized one of Plaintiff's past jobs as a retail manager. (Doc. 17, p. 8). Plaintiff argues the ALJ should have characterized this position as an office manager. (Doc. 17, p. 8). Plaintiff claims that this position was not the position discussed between the ALJ and Plaintiff or described by Plaintiff in the record. (Doc. 17, p. 8). Plaintiff then summarily argues that this position had different duties and that the ALJ should have explained why he

characterized this occupation as retail manager not office manager. (Doc. 17, p. 8). Likewise, Plaintiff argues that the ALJ mischaracterized Plaintiff's second past work as outside deliverer. (Doc. 17, p. 9). Plaintiff claims that her past work as an outside deliverer was more than just a delivery driver, and the ALJ should have considered "the inside work" Plaintiff performed. (Doc. 17, p. 9). Plaintiff relies on vague statements regarding her past relevant work and fails to provide concrete evidence of the differences between the positions she held and the ALJ's characterization of her past relevant work. (*See* Doc. 17, p. 8, 9).

Even if the ALJ mischaracterized Plaintiff's past relevant work as a retail manager or outside deliverer – which arguably he did not – Plaintiff failed to carry her burden because she provided no citation to the record to show that she was unable to return to her past work as she performed it or as generally performed in the national economy or that her RFC precluded these positions. *See Davis v. Kijakazi*, No. 8:20-cv-1058-TGW, 2021 WL 4167885, at *3 (M.D. Fla. Sept. 14, 2021) ("The plaintiff failed to carry her burden because she provided no citations to the record to support a conclusion that she was unable to return to her past work."). Plaintiff does not even allege that she cannot return to her past relevant work as she actually performed it or as performed in the national economy or that her RFC precluded these jobs or types of work. (Doc. 17, p. 8). Thus, even if the ALJ mischaracterized Plaintiff's past relevant work as a retail manager and outside deliverer– which is

questionable – any error is harmless because Plaintiff failed to show that her impairments precluded her from returning to her past relevant work or that her RFC precluded her past work. Courts have applied the harmless error rule to social security cases and "will not remand for further findings where doing so would be a "'wasteful corrective exercise.'" *Pons v. Comm'r of Soc. Sec.*, No. 21-13028, 2022 WL 1214133, at *2 (11th Cir. Apr. 25, 2022) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)); (quoting *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. Unit A July 1981)).

Plaintiff also argues that her past work amounted to composite jobs. (Doc. 8-9). A composite job is one that has "'significant elements of two or more occupations and, as such, [has] no counterpart in the DOT.'" *Smith v. Comm'r of Soc. Sec.*, 2018 WL 3598635, at *3 (11th Cir. July 26, 2018) (quoting SSR 82-61 at *2). For past relevant work to qualify as a composite job, the main duties of the past relevant work must include multiple DOT occupations as described by the plaintiff. *Id.* (citing Program Operations Manual System ("POMS") DI 25005.020). By definition, if Plaintiff's past work comprised composite jobs, then the DOT has no listing for these types of jobs and Plaintiff cannot demonstrate a conflict between the vocational expert's testimony and the DOT descriptions. And again, Plaintiff has the burden to show that her past work constituted composite jobs by showing that she had main duties from different DOT job descriptions, and she must show how much time she

spent on these duties. *See Smith*, 2018 WL 3598635, at *3. Plaintiff made no such showing. Consequently, Plaintiff failed to meet her burden and substantial evidence supports the ALJ's determination that Plaintiff was capable of returning to her past relevant work.

### III.   Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on July 24, 2023.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties